UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JILL KLEIN, by her personal representative,
BRENT KLEIN,

                Plaintiff,                Case No. 1:21-cv-11748

v.                                        Honorable Thomas L. Ludington
                                            United States District Judge
CATERPILLAR, INC.,

                                                Honorable Patricia T. Morris
              Defendant.           United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDERS AND AFFIRMING BOTH ORDERS**

Plaintiff has objected to two orders in which the magistrate judge resolved nondispositive issues.[1] A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's objections will be overruled because the magistrate judge's orders show no clear error.

**I.**

This case involves Plaintiff's negligence and products-liability claims following the death of Decedent Jill Klein in November 2018 in Mackinac County, Michigan. Plaintiff alleges that nonparty Carmeuse Lime & Stone[2] paid Defendant approximately $1 million for a Caterpillar Certified Rebuild Upgrade (CCRU) of a Caterpillar 785B mining hauler in 2015, ECF No. 17 at

---

[1] On May 4, 2023, in response to each other's witness list and exhibit list, the Parties filed objections that do not request any relief. *See generally* ECF Nos. 90; 91; 92. Because federal courts may not provide relief where none is sought, the objections will not be addressed. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (per curiam) ("Article III . . . confines [federal courts] to resolving "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971))).
[2] On November 22, 2021, Defendant filed a notice of nonparty fault regarding Carmeuse Lime & Stone, Inc. ECF No. 18.

PageID.39 (citing ECF No. 17-4 at PageID.53–58), which was performed according to Caterpillar's own "Special Instruction" manual, *id.* at PageID.39–40 (citing ECF No. 17-5 at PageID.60–160). Plaintiff also alleges that Decedent was in her parked Ford F-150 while a coworker was driving the Caterpillar hauler, weighing up to 550,000 pounds depending on the load, when one of her coworkers drove the hauler over her, which ended her life. *Id.* at PageID.39.

On July 29, 2021, Plaintiff sued Defendant, alleging one count of negligent failure to repair and to update and one count of breach of warranty for proper repair and maintenance. ECF No. 1. After two amendments, Plaintiff's remaining claims are that Defendant:

(1) negligently repaired, modified, or updated the mining hauler; and
(2) supplied a product that was defective, which caused the injury.

*Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912 (E.D. Mich. 2022) (dismissing claim of negligence *per se* and denying motion to dismiss with respect to claims of ordinary negligence and products liability).

In March 2023, under 28 U.S.C. § 636(b)(1)(A), Judge Morris denied Plaintiff's two motions to compel Defendant to provide full, complete, responsive, signed answers to the following four discovery requests[3]:

(1) "all documents regarding consideration of the lack of visibility for earth hauler drivers" to confirm whether the one document provided by the defendant is the only document it has regarding earth haulers' visibility limitations.
(2) "all Dealer Solution Network entries regarding off highway mining earth hauler type vehicles" dated from 2000–2016.
(3) "R.E.D.I." documents relating to visibility and radar/cameras; and
(4) emails and/or customer-friendly documents related to visibility (or lack of it), radar, and camera availability.

ECF No. 53 (referring ECF Nos. 51; 52); ECF No. 61 (denying ECF Nos. 51; 52).

---

[3] There was a fifth request, but the Parties resolved it "prior to the hearing." ECF No. 61.

On March 27, 2023, Plaintiff filed an objection to Judge Morris's Order with respect to issues one and three, ECF No. 70, and Defendant responded. ECF No. 79.

In April 2023, under 28 U.S.C. § 636(b)(1)(A), Judge Morris granted Defendant's motion to exclude the opinion testimony of two of Plaintiff's retained experts because Plaintiff failed to comply with Federal Rule of Civil Procedure 26(a)(2) by not providing any written reports, and the failure was not substantially justified or harmless under Federal Rule of Civil Procedure 37(c). *See* ECF No. 66 (referring ECF No. 64); ECF No. 83 (granting ECF No. 64).

On May 1, 2023, Plaintiff filed an objection to Judge Morris' Order. ECF No. 89 (objecting to ECF No. 83).

## II.

"The Magistrate Judge's order[s] resolved a nondispositive discovery dispute." *Cratty v. City of Allen Park*, No. 2:17-CV-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018) (citing *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) (per curiam) (unpublished)).

Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is

contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error. *E.g.*, *Nettles v. Edgar*, No. 1:22-CV-00119, 2022 WL 16551462, at *1 (W.D. Mich. Oct. 31, 2022); *Odom v. Hill*, No. 1:21-CV-00403, 2022 WL 4115425, at *1–2 (W.D. Mich. Sept. 9, 2022); *Faber v. Smith*, No. 1:19-CV-00024, 2019 WL 5684490, at *1 (W.D. Mich. Nov. 1, 2019); *Ramsey v. Smith*, No. 1:13-CV-01210, 2017 WL 4038111, at *1 (W.D. Mich. Sept. 13, 2017); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying to same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

### III.

This Court has reviewed Plaintiff's Third Amended Complaint, ECF No. 30, Defendant's Answer to it, ECF No. 31, Plaintiff's Motions to Compel, ECF Nos. 51; 52, Judge Morris's Order Denying Plaintiff's Motions to Compel, ECF No. 61, the Transcript of the hearing for that Order, ECF No. 72, Plaintiff's Objection to that Order, ECF No. 70, Defendant's Response to Plaintiff's Objection, ECF No. 79, Defendant's Motion to Strike, ECF No. 64, Plaintiff's Response to it, ECF No. 74, Defendant's Reply to it, ECF No. 77, Judge Morris's Order Granting Defendant's Motion to Strike, ECF No. 83, the Transcript of the hearing for that Order, ECF No. 87, Plaintiff's

Objection to that Order, ECF No. 89, and all other applicable filings and law. Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are reasonably correct and that her legal reasoning is sound; there is no clear error.

This Court finds no clear error in the Magistrate Judge's decision to deny Plaintiff's discovery requests or to strike Plaintiff's opinion testimony. The Magistrate Judge applied the appropriate law, accurately followed the provisions of the Scheduling Order, and made reasonably accurate conclusions of fact. Accordingly, Plaintiff's Objections will be overruled, and the Magistrate Judge's Orders will be affirmed.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 70, is **OVERRULED**.

Further, it is **ORDERED** that Judge Morris's Order Denying Plaintiff's Motions to Compel, ECF No. 61, is **AFFIRMED**.

Further, it is **ORDERED** that Plaintiff's Objection, ECF No. 89, is **OVERRULED**.

Further, it is **ORDERED** that Judge Morris's Order Granting Defendant's Motion to Strike, ECF No. 83, is **AFFIRMED**.

**This is not a final order and does not close the above-captioned case**.

Dated: May 10, 2023                                          s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge