UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JILL KLEIN, by her personal representative,
BRENT KLEIN,

        Plaintiff,                                    Case No. 1:21-cv-11748

v.                                                      Honorable Thomas L. Ludington
                                                            United States District Judge
CATERPILLAR, INC.,

                                                             Honorable Patricia T. Morris
        Defendant.                              United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

In this negligence case, Plaintiff is seeking reconsideration of this Court's order overruling his objections to two magistrate-judge orders resolving nondispositive issues. Specifically, he asserts his objections should not have been overruled until he filed a reply and the magistrate judge erred by not considering every possible outcoming Civil Rule 37 permits.

**I.**

This case involves negligence and products-liability claims following the death of Decedent Jill Klein in November 2018 in Mackinac County, Michigan. As personal representative of Decedent's estate, Plaintiff Brent Klein alleges that nonparty Carmeuse Lime & Stone paid Defendant Caterpillar approximately $1 million for a Caterpillar Certified Rebuild Upgrade (CCRU) of a Caterpillar 785B mining hauler in 2015, ECF No. 17 at PageID.39 (citing ECF No. 17-4 at PageID.53–58), which was performed according to Caterpillar's own "Special Instruction" manual, *id.* at PageID.39–40 (citing ECF No. 17-5 at PageID.60–160). The upgrade was completed negligently, Plaintiff alleges, causing one of Jill's coworkers to drive over her with a

550,000-pound earth hauler when she was in her parked Ford F-150, ending her life. *Id.* at PageID.39.

On July 29, 2021, Plaintiff leveled two claims against Defendant: negligent repair and breach of warranty for proper repair. ECF No. 1. After two amendments, the remaining claims are that Defendant caused fatal harm by negligently handling the hauler's update and supplying a defective product. *Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912 (E.D. Mich. 2022) (dismissing claim of negligence *per se* and denying motion to dismiss with respect to claims of ordinary negligence and products liability).

Two of Plaintiff's motions to compel Defendant to provide full, exhaustive responses to specific discovery requests were denied by Magistrate Judge Patricia T. Morris in March 2023.[1] *See* ECF No. 61. The requests involved documents related to the earth hauler's visibility limitations and related communication records. *See* ECF Nos. 51; 52. Plaintiff objected to two issues, ECF No. 70, prompting a response from Defendant, ECF No. 79.

The following month, Judge Morris granted Defendant's motion to exclude the opinion testimony of two of Plaintiff's experts for not providing any written reports under Civil Rule 26(a)(2) and for not being substantially justified or harmless under Civil Rule 37(c). *See* ECF No. 66 (referring ECF No. 64); ECF No. 83 (granting ECF No. 64).

Plaintiff's objection to that order was overruled because there was "no clear error in the Magistrate Judge's decision to deny Plaintiff's discovery requests or to strike Plaintiff's opinion testimony." *Klein ex rel. Klein v. Caterpillar, Inc.*, No. 1:21-CV-11748, 2023 WL 3340064, at *3 (E.D. Mich. May 10, 2023) ("The Magistrate Judge applied the appropriate law, accurately

---

[1] There was a fifth request, but the Parties resolved it "prior to the hearing." ECF No. 61.

followed the provisions of the Scheduling Order, and made reasonably accurate conclusions of fact.").

Now Plaintiff has filed a motion for reconsideration of the overruling order. ECF No. 98.

**II.**

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that could not have been previously discovered warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

First, Plaintiff asserts it was a "mistake" to overrule his objection without awaiting his reply brief. ECF No. 98 at PageID.2371–75. But the reply brief adds nothing new to the case. *Compare* ECF No. 89 at PageID.2201 (asserting that Plaintiff's error was based on the text of the Scheduling Order issued on January 9, 2023), *with* ECF No. 98 at PageID.2372–75 (same). Hence, "there is no indication that the district court's decision would have been different but for the alleged error." *United States v. Ocampo*, No. 1:06-CR-20172-1, 2023 WL 1802379, at *1 (E.D. Mich. Feb. 7, 2023) (citing *United States v. Lebron*, No. 20-13314, 2021 WL 5414894, at *2 (11th Cir. Nov. 19, 2021) (per curiam)). This fails to justify reconsideration.

Next, while acknowledging Judge Morris applied Civil Rule 37 in striking untimely opinion testimony, Plaintiff next argues Judge Morris made a "mistake" by not doing something "instead of this sanction." ECF No. 98 at PageID.2375–77. That is, Plaintiff believes Judge Morris should have reached a different outcome based on the same facts and the same laws. However, "[f]or purposes of reconsideration, mistakes and outcomes are mutually exclusive." *Good v. BioLife Plasma Servs., L.P.*, No. 1:18-CV-11260, 2022 WL 17821556, at *2 (E.D. Mich. Dec. 20, 2022) ("[I]t would be 'unrealistic' to expect courts to know the entire universe of law at all times."

- 4 -

(quoting Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 12 & n.61 (2022))). Thus, Plaintiff's argument for a different outcome "does not warrant reconsideration." *United States v. Ocampo*, No. 1:06-CR-20172-1, 2023 WL 1802379, at *1 (E.D. Mich. Feb. 7, 2023).

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 98, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: June 28, 2023                               s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge