UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JILL KLEIN, by her personal representative,
BRENT KLEIN,

                            Plaintiff,                          Case No. 1:21-cv-11748

v.                                                              Honorable Thomas L. Ludington
                                                                United States District Judge
CATERPILLAR, INC.,

                            Defendant.                          Honorable Patricia T. Morris
                                                                United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE**

Plaintiff has objected to the magistrate judge's report recommending the granting of

Defendant's motion for summary judgment and the dismissal of the case. A hearing is not

necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's objections will be overruled

because the magistrate judge's report shows no clear or prejudicial errors.

**I.**

This case involves negligence and products-liability claims following the death of

Decedent Jill Klein in November 2018 in Mackinac County, Michigan. As personal representative

of Decedent's estate, Plaintiff Brent Klein alleges that nonparty Carmeuse Lime & Stone paid

Defendant Caterpillar about $1 million for a Caterpillar Certified Rebuild Upgrade of a Caterpillar

785B mining hauler in 2015, ECF No. 17 at PageID.39 (citing ECF No. 17-4 at PageID.53–58),

which was performed according to Caterpillar's own "Special Instruction" manual, *id.* at

PageID.39–40 (citing ECF No. 17-5 at PageID.60–160).

On July 29, 2021, Plaintiff leveled two claims against Defendant: negligent repair and breach of warranty for proper repair. ECF No. 1. After two amendments, the remaining claims are that Defendant caused fatal harm by negligently handling the hauler's update and supplying a defective product. *Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912 (E.D. Mich. 2022) (dismissing claim of negligence *per se* and denying motion to dismiss with respect to claims of ordinary negligence and products liability).

In March 2023, Defendant filed a motion for summary judgment, ECF No. 65, Plaintiff responded, ECF No. 75, and Defendant replied, ECF No. 84.

On July 10, 2023, Magistrate Judge Patricia T. Morris issued a report recommending that Defendant's Motion for Summary Judgment be granted and the case be dismissed. ECF No. 104.

Now before this Court are Plaintiff's Objections to Judge Morris's report. ECF No. 106. Although Judge Morris provided both parties 14 days to object, only Plaintiff did so. Therefore, Defendant has forfeited its right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## II.

### A.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021).

- 2 -

The court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, No. 1:21-CV-12918, 2023 WL 1997068, at *1 (E.D. Mich. Feb. 14, 2023) (citations omitted); *see also Odell v. Kalitta Air, LLC*, No. 1:22-CV-12290, 2023 WL 4084490, at *1 (E.D. Mich. June 20, 2023) ("If the district court will affirm the magistrate judge's report, then it may simply identify the parts of the record that it reviewed and state that it found no clear error.") (collecting cases).

## B.

This Court has reviewed Plaintiff's Complaint, ECF No. 1, Plaintiff's First Amended Complaint, ECF No. 4, Plaintiff's Second Amended Complaint, ECF No. 10, Plaintiff's Third Amended Complaint, ECF No. 30, Defendant's Answer, ECF No. 31, Defendant's Motion for Summary Judgment, ECF No. 65, Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 75, Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 84, Judge Morris's Report and Recommendation to Grant Defendant's Motion for Summary Judgment, ECF No. 104, Plaintiff's Objections, ECF No. 106, and all other applicable filings and law.

Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are reasonable and correct, that she applied the correct law, and that her legal reasoning is sound. That is, there are no clear or prejudicial errors in Judge Morris's recommendation to grant summary judgment for Defendant on Plaintiff's negligence claim (Count I). For these reasons, Plaintiff's Objections will be overruled, and Judge Morris's Report and Recommendation will be adopted.

Yet the report does not address the merits of Defendant's argument that a three-year statute of limitations bars Plaintiff's products-liability claim. *See* ECF No. 104 at PageID.2473.

- 3 -

### III.

Defendant contends that Plaintiff's claim of a defect based on the original 1994 manufacturing of the 785B earth hauler (Count III) is barred by the applicable three-year statute of limitations. ECF No. 65-1 at PageID.979-83 (citing MICH. COMP. LAWS § 600.5805(12)). Plaintiff counters that this claim relates back and thus, is not barred. ECF No. 75 at PageID.1765.

Plaintiff's first complaint was lodged on July 29, 2021, and bore no mention of issues with the machine's original 1994 design and manufacture. *See generally* ECF No. 1. Plaintiff's two subsequent amended complaints continued in the same vein, with the first addressing diversity concerns, *see generally* ECF No. 4, and the second reiterating the original complaint, *see generally* ECF No. 10, but neither introducing the idea of a faulty 1994 design.

Come April 22, 2022, over three years postincident, a third amended complaint was filed, maintaining the previous counts, but with an added Count III. *See generally* ECF No. 30. For the first time, Plaintiff had argued that the 785B was negligently designed and manufactured in 1994, a claim absent in all earlier versions. *See id.* at PageID.363–64.

However, under Michigan law, products-liability claims have a three-year statute of limitations. MICH. COMP. LAWS § 600.5805(12). The time for such a claim thus expired on November 3, 2021, three years from the incident. Yet an amendment may relate back to the original pleading's date if the applicable statute of limitations permits it; the amendment arises from the original pleading's conduct, transaction, or occurrence; or the amendment changes the party against whom the claim is asserted under specific circumstances. Here, none of these instances rescue the claim relating to the original design and manufacture from the statute of limitations.

The original and first two amended complaints targeted only the 2015 rebuild, not the 1994 design and manufacture. By stark contrast, Count III of the Third Amended Complaint uniquely

addresses the original design and manufacture. The 1994 design and manufacture by Caterpillar and the 2015 rebuild completed by FABCO are quite obviously not the same conduct, transaction, or occurrence. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."). Therefore, Plaintiff's claim regarding the original design and manufacture has long passed its expiration date and is not saved by the relation-back rule. Defendant is thus entitled to summary judgment on Count III: it is time-barred.

With no claims remaining, Plaintiff's Third Amended Complaint will be dismissed with prejudice, ending the case.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 106, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 104, is **ADOPTED**.

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 65, is **GRANTED**.

Further, it is **ORDERED** that the Third Amended Complaint, ECF No. 30, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above captioned case**.


Dated: July 26, 2023                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge